■     In the Matter of U. S. PIONEER ELECTRONICS CORP., Respondent. ROTEL OF AMERICA, INC., Appellant.—In a proceeding to compel Rotel of America, Inc. (Rotel) to submit to an oral examination and to produce certain documents, the appeal is from an order of the Supreme Court, Westchester County, dated May 25, 1978, which granted petitioner's application. Order modified, on the law and as a matter of discretion in the interest of justice, by deleting therefrom everything following the word "granted" in the first decretal paragraph and substituting therefor the following: "upon the following conditions: (a) That items numbered 2, 3, 4, 5, 6 and 7, as listed in petitioner's exhibit B, annexed to the affidavit of Theodore R. Patrick dated March 31, 1978, be limited so as to provide as follows: '2. A list indicating the number and geographical location of all Rotel dealers in the State of Ohio during the six months prior to Rotel's enfranchising of the defendants (e.g. the number of dealers in Cleveland, etc.). 3. A list indicating the number, by geographical location, of all Rotel dealers listed in item 2 above who are currently Rotel dealers. 4. A list of those Rotel dealers represented in item 2 above who are no longer Rotel dealers accompanied by (a) the dates of termination and (b) an explanation of the circumstances surrounding their termination, if known. 5. A list indicating the number, by geographical location, of all Rotel dealers enfranchised in the State of Ohio since Rotel's enfranchisement of the defendants. 6. All documents reflecting Rotel's cooperative advertising policy in the State of Ohio for the period July 1, 1976 to the present date. Such documents may be redacted so as to eliminate therefrom the names of any Rotel dealers other than the defendants. 7. All documents reflecting Rotel's discount and rebate programs in the State of Ohio from July 1, 1976 to the present date. Such documents may also be redacted as per item 6 above'; (b) That items numbered 1, 2, 3 and 8 as listed in petitioner's exhibit 1 annexed to its notice of motion dated April 12, 1978 be stricken; (c) That the documents and other materials produced pursuant to the demand in said exhibit B be delivered, as hereinafter provided, for inspection and copying at the time of the oral examination to be scheduled hereon, to the representative of the firm of Davis, Stafford, Kellman & Fenwick [petitioner's attorneys] then in attendance; (d) That Rotel be accorded the right to designate as confidential those documents and other materials which it deems to contain any confidential information; (e) That the disclosure of those documents and other materials designated as confidential shall be subject to the following: (1) Such documents and other materials and the information derived therefrom shall not be used by the parties in the Ohio action for any purpose whatever other than the preparation and trial of the Ohio action, and any such use shall be subject to the requirements and limitations below; (2) Counsel for the parties shall not disclose such documents and other materials or information derived therefrom to any person (including U.S. Pioneer Electronics Corp. and any officers, directors or employees thereof), except as follows: (i) such documents and other materials and materials containing information derived therefrom may be copied, provided that the use of all such copies shall be subject to the same restrictions as are applicable to the use of such documents; (ii) such documents and other materials and the information derived therefrom may be made available to witnesses, deponents or affiants in the Ohio action provided that any such witness, deponent or affiant shall

be bound by the terms hereof and shall acknowledge in writing that he has read and understands the provisions set forth herein; and (iii) such documents and other materials and information may be used in connection with any deposition, hearing, brief, pleading, motion, affidavit or other paper submitted in the Ohio action, provided that, to the extent any such paper or any transcript of any such deposition or hearing includes or incorporates such documents, other materials or information, such material shall be subject to the terms hereof and, if any such material or portion thereof is to be filed with the court, the party making such filing shall designate such material or portion for filing under seal and all copies thereof shall be kept in confidence as provided herein; and (3) Notwithstanding anything herein to the contrary, in the event it shall become necessary, in the judgment of the attorneys for U.S. Pioneer, to disclose such documents or other materials or the information contained therein to any officers, directors or employees of U.S. Pioneer, such disclosure may be made provided that counsel for Rotel shall have been given reasonable notice in advance thereof so that Rotel may have the opportunity to make an objection to the appropriate court prior to such disclosure; and (f) That all persons coming into possession of the aforementioned documents and other materials or copies thereof, promptly upon the completion of the Ohio litigation, or at such time as they have no further use for the said documents and other materials, whichever shall first occur, shall return all such documents and other materials and copies thereof to Rotel, provided, however, that nothing contained in this paragraph shall require the return of any brief, pleading, motion, affidavit or other paper submitted to the court during the pendency of the Ohio litigation." As so modified, order affirmed, without costs or disbursements. The oral examination and the production of documents to be made in accordance herewith, shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by petitioner, or at such other time and place as the parties may mutually agree by written stipulation. As thus limited, petitioner will be able to achieve the disclosure to which it has demonstrated its entitlement, without simultaneously causing undue and unreasonable annoyance, disadvantage or other prejudice to the nonparty witness being examined. Upon the completion of the disclosure proceedings to be had hereon, Rotel may, upon a proper showing, move the court at Special Term for an order directing the petitioner to pay its expenses (see CPLR 3103, subd [a]; see, also, *Matter of U.S. Pioneer Electronics Corp. [Nikko Elec. Corp. of Amer.]*, 65 AD2d 576; *Matter of U.S. Pioneer Electornics Corp. [Onkyo U.S.A. Corp.]*, Supreme Ct., Queens County, Index No. 4394/78, May 31, 1978, Graci, J.). Hopkins, J.P., Latham, Gulotta and O'Connor, JJ., concur.