■ In the Matter of U.S. PIONEER ELECTRONICS CORP., Appellant. NIKKO ELECTRIC CORP. OF AMERICA, Respondent.—In a proceeding to compel Nikko Electric Corp. of America (Nikko) to submit to an oral examination and to produce certain documents, petitioner appeals from an order of the Supreme Court, Nassau County, dated June 8, 1978, which granted Nikko's motion for a protective order vacating a prior ex parte order of the same court, dated April 17, 1978, which had directed that such disclosure proceed. Order reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, motion for protective order denied and petitioner's application granted upon the following conditions: "(a) That items numbered 12, 13, 14 and 19 as listed in petitioner's exhibit B, annexed to the affidavit of Theodore R. Patrick dated April 14, 1978, be stricken and that items numbered 2, 3, 4, 5, 6 and 7 be limited so as to provide as follows:

2. A list indicating the number and geographical location of all Nikko dealers in the State of Ohio during the six months prior to Nikko's enfranchising of the defendants (e.g., number of dealers in Cleveland, etc.). 3. A list indicating the number, by geographical location, of all Nikko dealers listed in item 2 above who are currently Nikko dealers. 4. A list of those Nikko dealers represented in item 2 above who are no longer Nikko dealers accompanied by (a) the dates of termination and (b) an explanation of the circumstances surrounding their termination, if known. 5. A list indicating the number, by geographical location, of all Nikko dealers enfranchised in the State of Ohio since Nikko's enfranchisement of the defendants. 6. All documents reflecting Nikko's cooperative advertising policy in the State of Ohio for the period July 1, 1976 to the present date. Such documents may be redacted so as to eliminate therefrom the names of any Nikko dealers other than the defendants. '7. All documents reflecting Nikko's discount and rebate programs in the State of Ohio from July 1, 1976 to the present date. Such documents may also be redacted as per item 6 above'; (b) That the documents and other material produced pursuant to the demand in said exhibit B be delivered, as hereinafter provided, for inspection and copying at the time of the oral examination to be scheduled hereon, to the representative of the firm of Davis, Stafford, Kellman & Fenwick [petitioner's attorneys] then in attendance. (c) That Nikko be accorded the right to designate as confidential those documents and other materials which it deems to contain any confidential information; (d) That the disclosure of those documents and other materials designated as confidential shall be subject to the following: (1) Such documents and other materials and the information derived therefrom shall not be used by the parties in the Ohio action for any purpose whatever other than the preparation and trial of the Ohio action, and any such use shall be subject to the requirements and limitations below; (2) Counsel for the parties shall not disclose such documents and other materials or information derived therefrom to any person (including U.S. Pioneer Electronics Corp. and any officers, directors or employees thereof), except as follows: (i) such documents and other materials and materials containing information derived therefrom may be copied, provided that the use of all such copies shall be subject to the same restrictions as are applicable to the use of such documents; (ii) such documents and other materials and the information derived therefrom may be made available to witnesses, deponents or affiants in the Ohio action provided that any such witness, deponent or affiant shall be bound by the terms hereof and shall acknowledge in writing that he has read and understands the provisions set forth herein; and (iii) such documents and other materials and information may be used in connection with any deposition, hearing, brief, pleading, motion, affidavit or other paper submitted in the Ohio action, provided that to the extent any such paper, or any transcript of any such deposition or hearing includes or incorporates such documents, other materials or information, such material shall be subject to the terms hereof and, if any such material or portion thereof is to be filed with the court, the party making such filing shall designate such material or portion for filing under seal and all copies thereof shall be kept in confidence as provided herein; and (3) Notwithstanding anything herein to the contrary, in the event it shall become necessary, in the judgment of the attorneys for U.S. Pioneer, to disclose such documents or other materials or the information contained therein to any officers, directors or employees of U.S. Pioneer, such disclosure may be made provided that counsel for Nikko shall have been given reasonable notice in advance thereof so that Nikko

may have the opportunity to make an objection to the appropriate court prior to such disclosure; and (e) That all persons coming into possession of the aforementioned documents and other materials or copies thereof, promptly upon the completion of the Ohio litigation, or at such time as they have no further use for the said documents and other materials, whichever shall first occur, shall return all such documents and other materials and copies thereof to Nikko, provided, however, that nothing contained in this paragraph shall require the return of any brief, pleading, motion, affidavit or other paper submitted to the court during the pendency of the Ohio litigation." The oral examination and the production of documents to be made in accordance herewith, shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by petitioner, or at such other time and place as the parties may mutually agree by written stipulation. Nikko shall produce at the time thus established all documents and other materials which are locally available, and those whose availability in New York may be secured by the exercise of reasonable diligence. The balance of the said documents and other materials shall be produced at Nikko's offices in California on five days' written notice. As thus limited, petitioner will be able to achieve the disclosure to which it has demonstrated its entitlement, without simultaneously causing undue and unreasonable annoyance, disadvantage or other prejudice to the nonparty witness being examined. Upon the completion of the disclosure proceedings to be had hereon, Nikko may, upon a proper showing, move the court at Special Term for an order directing the petitioner to pay its expenses (see CPLR 3103, subd [a]; see, also, *Matter of U. S. Pioneer Electronics Corp. [Rotel of Amer.]*, 65 AD2d 575; *Matter of U. S. Pioneer Electronics Corp. [Onkyp U. S. A. Corp.]*, Supreme Ct., Queens County, Index No. 4394/78, May 31, 1978, Graci, J.). Hopkins, J. P., Latham, Gulotta and O'Connor, JJ., concur.