■ In the Matter of U. S. PIONEER ELECTRONICS CORP., Respondent, v ONKYO U. S. A. CORPORATION, Appellant.—In a proceeding to compel Onkyo U. S. A. Corp. (Onkyo) to submit to an oral examination and to produce certain documents, the appeal is from an order of the Supreme Court, Queens County, dated December 21, 1978, which granted petitioner's application and, in effect, denied Onkyo's cross motion for a protective order. The appeal brings up for review so much of a further order of the same court, dated February 2, 1979, as, upon reargument, adhered to the original determination. Appeal from the order dated December 21, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated February 2, 1979 modified, on the law and as a matter of discretion, by adding thereto a provision that, upon reargument, the original determination is modified by requiring Onkyo to furnish the documents enumerated in Pioneer's letter dated August 22, 1978, upon the following conditions: (a) That items numbered 1, 4, 5 and 18 as listed in petitioner's Exhibit D, annexed to the affidavit of Theodore R. Patrick, dated November 16, 1978, be stricken and that items numbered 8, 12, 13, 14, 15 and 21 be limited so as to provide as follows: "8. Copies of all letters or notification of any nature to or from Onkyo to Onkyo's Ohio dealers or to or from Onkyo to the Onkyo Ohio sales representative, for the period from Onkyo's enfranchisement of Audio Warehouse to the present or from the time at which Onkyo commenced selling audio components and equipment to Audio Warehouse to date, regarding Onkyo's impending termination or termination of business with any Onkyo Ohio dealers. Such documents may be redacted so as to eliminate therefrom the names of any Onkyo dealers other than the defendants. * * * 12. A list indicating the number and geographical location of all Onkyo dealers in the State of Ohio during the six months prior to Onkyo's enfranchising of the defendants (e.g., number of dealers in Cleveland, etc.). 13. A list indicating the number, by geographical location, of all Onkyo dealers listed in item 12 above who are currently Onkyo dealers. 14. A list of those Onkyo dealers represented in item 12 above who are no longer Onkyo dealers accompanied by (a) the dates of termination and (b) an explanation of the circumstances surrounding their termination, if known. 15. A list indicating the number, by geographical location, of all Onkyo dealers enfranchised in the State of Ohio

since Onkyo's enfranchisement of the defendants. * * * 21. All documents reflecting Onkyo's discount and rebate programs in the State of Ohio from July 1, 1976 to the present date. Such documents may also be redacted as per item 8 above"; (b) That the documents and other material produced pursuant to the demand in said Exhibit be delivered, as hereinafter provided, for inspection and copying at the time of the oral examination to be scheduled hereon, to the representative of the firm of Davis, Stafford, Kellman & Fenwick [petitioner's attorneys] then in attendance; (c) That Onkyo be accorded the right to designate as confidential those documents and other materials which it deems to contain any confidential information; (d) That the disclosure of those documents and other materials designated as confidential shall be subject to the following: (1) Such documents and other materials and the information derived therefrom shall not be used by the parties in the Ohio action for any purpose whatever other than the preparation and trial of the Ohio action, and any such use shall be subject to the requirements and limitations below; (2) Counsel for the parties shall not disclose such documents and other materials or information derived therefrom to any person (including U. S. Pioneer Electornics Corp. and. any officers, directors or employees thereof), except as follows: (i) such documents and other materials and materials containing information derived therefrom may be copied, provided that the use of all such copies shall be subject to the same restrictions as are applicable to the use of such documents; (ii) such documents and other materials and the information derived therefrom may be made available to witnesses, deponents or affiants in the Ohio action provided that any such witness, deponent or affiant shall be bound by the terms hereof and shall acknowledge in writing that he has read and understands the provisions set forth herein; and (iii) such documents and other materials and information may be used in connection with any deposition, hearing, brief, pleading, motion, affidavit or other paper submitted in the Ohio action, provided that to the extent any such paper, or any transcript of any such deposition or hearing includes or incorporates such documents, other materials or information, such material shall be subject to the terms hereof and, if any such material or portion thereof is to be filed with the court, the party making such filing shall designate such material or portion for filing under seal and all copies thereof shall be kept in confidence as provided herein; and (3) Notwithstanding anything herein to the contrary, in the event it shall become necessary, in the judgment of the attorneys for U. S. Pioneer, to disclose such documents or other materials or the information contained therein to any officers, directors or employees of U. S. Pioneer, such disclsoure may be made provided that counsel for Onkyo shall have been given reasonable notice in advance thereof so that Onkyo may have the opportunity to make an objection to the appropriate court prior to such disclosure; and (e) That all persons coming into possession of the afore-mentioned documents and other materials or copies thereof, promptly upon the completion of the Ohio litigation, or at such time as they have no further use for the said documents and other materials, whichever shall first occur, shall return all such documents and other materials and copies thereof to Onkyo, provided, however, that nothing contained in this paragraph shall require the return of any brief, pleading, motion, affidavit or other paper submitted to the court during the pendency of the Ohio litigation. As so modified, order dated February 2, 1979 affirmed insofar as reviewed, without costs or disbursements. The oral examination and the production of documents to be made in accordance herewith, shall proceed at a time and place to be fixed in a written notice of not less than 10 days,

to be given by petitioner, or at such other time and place as the parties may mutually agree by written stipulation. Onkyo shall produce at the time thus established all documents and other materials which are locally available, and those whose availability in New York may be secured by the exercise of reasonable diligence. The balance of the said documents and other materials shall be produced at Onkyo's offices in Illinois on five days' written notice. As thus limited, petitioner will be able to achieve the disclosure to which it has demonstrated its entitlement, without simultaneously causing undue and unreasonable annoyance, disadvantage or other prejudice to the non-party witness being examined. (See *Matter of U. S. Pioneer Electronics Corp. [Rotel of Amer.]*, 65 AD2d 575; *Matter of U. S. Pioneer Electronics Corp. [Nikko Elec. Corp. of Amer.]*, 65 AD2d 576.) We note in passing that Onkyo has failed to raise any issue regarding the propriety of items numbered 9 and 10 as listed in petitioner's Exhibit D, and that petitioner has failed to dispute Onkyo's claim that items numbered 11 and 12 have already been satisfactorily answered. Accordingly, we decline to pass upon the propriety of these items. Upon the completion of the disclosure proceedings to be had hereon, Onkyo may, upon a proper showing, move the court at Special Term for an order directing the petitioner to pay its expenses (see CPLR 3103, subd [a]). Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.